[No. D031345. Fourth Dist., Div. One. Oct. 7, 1998.]

PAT LOSORNIO, Plaintiff and Appellant, v.
CARMELO MOTTA, Defendant and Respondent.

## COUNSEL

Joseph T. Jewell III for Plaintiff and Appellant.

Kimball, Tirey & St. John, Patricia H. Tirey and Patricia A. Coyne as Amici Curiae on behalf of Plaintiff and Appellant.

Christian A. M. Curry for Defendant and Respondent.

## OPINION

McINTYRE, J.—This case was certified to this court by the Appellate Department of the Superior Court of San Diego County and we transferred it here for the purpose of settling an important question of law: Whether Code of Civil Procedure[1] section 1013 applies to extend the notice periods required before a tenancy may be terminated and an unlawful detainer action initiated. We conclude that the service and notice provisions in the unlawful detainer statutes and section 1013 are mutually exclusive, and thus, section 1013 does not extend the notice periods that are a prerequisite to filing an unlawful detainer action. Accordingly, we reverse the judgment of the municipal court.

### FACTUAL AND PROCEDURAL BACKGROUND

Carmelo Motta rented an apartment from Pat Losornio pursuant to a month-to-month lease. On August 16, 1997, in accordance with the terms of the lease and Civil Code section 1946, Losornio served Motta with a 30-day notice of termination of tenancy by posting the notice on the premises and mailing it to Motta at the same address pursuant to the service procedures pertaining to unlawful detainer set forth in section 1162, subdivision 3. On

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

September 16, 1997, 31 days later, Losornio brought an action against Motta for unlawful detainer. However, the municipal court determined that the five-day extension for service by mail under section 1013, subdivision (a) applied to notices served by the "post and mail" procedure under section 1162, subdivision 3. Accordingly, it concluded that the action was untimely, and rendered judgment in favor of Motta.

Losornio filed an appeal with the Appellate Department of the Superior Court of San Diego County, which reversed the judgment, concluding that section 1013 does not extend the time for service under section 1162, subdivision 3. The court also certified the case and we ordered it transferred to this court (Cal. Rules of Court, rules 62 & 63) in order to resolve the issue of whether section 1013 extends the statutory notice periods pertaining to unlawful detainer.

DISCUSSION

*Unlawful Detainer Procedures*

Chapter 4 of title 3 of part 3 of the Code of Civil Procedure (§§ 1159-1179a) is commonly known as the Unlawful Detainer Act (hereafter, the Act). The Act is broad in scope and available to both lessors and lessees who have suffered certain wrongs committed by the other. (*Woods-Drury, Inc.* v. *Superior Court* (1936) 18 Cal.App.2d 340, 344 [63 P.2d 1184].) Procedures and proceedings in unlawful detainer were not known at common law and are entirely creatures of statute. (*Ibid.*) As such, they are governed solely by the statutes which created them. (*Kwok* v. *Bergren* (1982) 130 Cal.App.3d 596, 599 [181 Cal.Rptr. 795].) Thus, where the Act "deals with matters of practice, its provisions supersede the rules of practice contained in other portions of the code." (*Schubert* v. *Lowe* (1924) 193 Cal. 291, 295 [223 P. 550].)

The Act provides that as a prerequisite to filing an unlawful detainer action based on a terminated month-to-month tenancy, the landlord must serve the tenant with a 30-day written notice of termination. (§ 1161, subd. 1; Civ. Code, § 1946; *La Cava* v. *Breedlove* (1946) 77 Cal.App.2d 129, 132 [174 P.2d 880].) Similarly, a landlord may not file an unlawful detainer action based on failure to pay rent unless he or she has first served the tenant with a three-day written notice to pay rent or quit. (§ 1161, subd. 2; *Bevill* v. *Zoura* (1994) 27 Cal.App.4th 694, 697 [32 Cal.Rptr.2d 635].)

Section 1162 provides three methods of serving these notices: (1) by personal delivery to the tenant (personal service); or (2) if the tenant is

absent from his residence and usual place of business, by leaving a copy with a person of suitable age and discretion at either place, and sending a copy through the mail to the tenant's residence (substituted service); or (3) if a place of residence and usual place of business cannot be ascertained or a person of suitable age or discretion cannot be found there, then by affixing a copy in a conspicuous place on the property and delivering a copy to a person residing there, if such a person can be found, and also sending a copy through the mail addressed to the tenant at the place where the property is situated (post and mail service). (§ 1162, subds. 1-3; Civ. Code, § 1946.) ■ A 30-day or 3-day notice is valid and enforceable only if the lessor has strictly complied with these statutorily mandated requirements for service. (*Liebovich* v. *Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513 [65 Cal.Rptr.2d 457].)

### *Section 1013, Subdivision (a)*

Service and notice provisions are also found in chapter 5 of title 14 of part 2 of the Code of Civil Procedure pertaining to civil actions. (§§ 1010-1020.) Section 1013, subdivision (a) provides for service by mail, and requires that the notice or other paper be deposited in the United States mail in a sealed envelope, postage paid, and "addressed to the person on whom it is to be served, at the office address as last given by that person *on any document filed in the cause and served on the party making service by mail; otherwise at that party's place of residence.*" (Italics added.) Section 1013, subdivision (a) also extends the notice period where service is by mail, as follows: "The service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five days, upon service by mail, if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States, but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. *This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court.*" (Italics added.)

■ Motta argues that section 1013's extension of time for service by mail applies to *all* notices whose time periods are prescribed by statute, unless there is a specific exception, and therefore, the extension applies to the 30-day and 3-day notices which are served by substituted service or post

and mail service under the Act. (§ 1162, subds. 2 & 3.) We disagree since we conclude that the service and notice provisions pertaining to unlawful detainer and the service and extension of time provisions set forth in section 1013 are mutually exclusive.

Unlawful detainer is a unique body of law and its procedures are entirely separate from the procedures pertaining to civil actions generally. Thus, where provisions in the Act relate to practice, they supersede the rules of practice contained in the Code of Civil Procedure. (*Schubert* v. *Lowe, supra,* 193 Cal. at p. 295.) Here, the Act requires a landlord to serve the tenant with a 30-day notice to terminate a month-to-month tenancy or a 3-day notice to pay rent or quit as a prerequisite to filing an unlawful detainer action. (§ 1161, subds. 1 & 2; Civ. Code, § 1946.) It also sets forth three specific methods of serving these notices: (1) personal service, (2) substituted service, and (3) post and mail service. (§ 1162.) Section 1162 does not provide for an extension of the 30-day or 3-day notice periods or indicate that service is delayed based on the particular method of service used, nor does any other provision in the Act. Thus, to the extent that section 1013 could be read as grafting a five- to twenty-day extension to these notice periods in cases where mailing is one component of the method of service, that statute is superseded by the service and notice provisions set forth in sections 1161 and 1162.

Furthermore, section 1013, subdivision (a) contemplates the service of papers in the course of legal or administrative proceedings, or at the very least, *after* proceedings have been initiated. The statute refers to service by mail to the last business address "given by that person on any document *filed in the cause* and served on the *party* making service by mail; otherwise at that *party's* place of residence." (§ 1013, subd. (a), italics added.) Here, the service of the 30-day and 3-day notices is not part of any proceeding; the landlord and the tenant are not "parties" to any proceeding. Rather, the notices are required to terminate a tenancy and are prerequisites to filing an unlawful detainer action. As such, they are outside the purview of section 1013.

Finally, the substituted and post and mail methods of service set forth in section 1162, subdivisions 2 and 3, simply are *not* service by mail as set forth in section 1013. To apply section 1013 to extend the notice periods when substituted or post and mail service is used would be to ignore the fact that these are each aggregate methods of service in which mailing is just one component.

## DISPOSITION

The judgment of the municipal court is reversed. The parties have agreed to bear their own costs.

Benke, Acting P. J., and Huffman, J., concurred.

On November 2, 1998, the opinion was modified to read as printed above.