[No. B224040. Second Dist., Div. Two. May 3, 2011.]

PALM PROPERTY INVESTMENTS, LLC, Plaintiff and Appellant, v. FEREYDOON YADEGAR et al., Defendants and Respondents.

## COUNSEL

Law Offices of Deborah Friedman, Deborah Friedman and Craig Mordoh for Plaintiff and Appellant.

Law Offices of Ehsan Afaghi, Ehsan Afaghi and Firouzeh Simab for Defendants and Respondents.

## OPINION

**DOI TODD, Acting P. J.**—Plaintiff and appellant Palm Property Investments, LLC, appeals from a judgment entered in favor of defendants and respondents Fereydoon (Fred), Simin, Sara, Jacob and Saghar Yadegar (sometimes collectively the Yadegars) in an unlawful detainer action. The trial court ruled that appellant failed to meet its burden to show it satisfied the service requirements of Code of Civil Procedure section 1162.[1] Appellant contends that the judgment must be reversed because the trial court should not have excluded the proof of service as hearsay and should have considered the effect of the Yadegars' admission that they were served with a three-day notice to pay rent or quit.

We agree with appellant's first contention and reverse. Because the three-day notice was served by a registered process server, the proof of service

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

should not have been excluded and Evidence Code section 647 applied to establish a presumption of the facts set forth therein.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Yadegars' Lease.*

Since 2002, the Yadegars have leased a penthouse apartment in a seven-unit building located at 408 North Palm Drive in Beverly Hills (Property). On August 12, 2002, the Yadegars entered into a lease agreement (Lease) with the Teitler Family Trust (Trust), then the owner of the Property. The first two pages of the Lease were a standard form lease drafted by the Trust's representative, Tracy P. Pieper (Pieper), and the third was a one-page addendum drafted by Fred Yadegar (Fred). The standard form portion of the Lease indicated a lease term of one year and a rental amount of $3,500 per month. The one-page addendum modified those terms, extending the lease term to three years and increasing the rent to $3,600 per month in the second year and $3,700 per month in the third year.

On March 30, 2003, Pieper and Fred entered into a second addendum to the Lease, which modified the rent amount according to a sliding scale that corresponded to the number of months in advance rent was paid. On June 23, 2003, Pieper and Fred entered into a third addendum, which provided that rent would be reduced to $32,000 annually in exchange for a 12-month advance rent payment, with the Yadegars receiving credit for a previous $18,000 prepayment. The third addendum also provided that there would be no rent increases during the term of the Lease and extended the lease term for five years to November 30, 2010, with one option to extend the Lease for an additional five years to November 30, 2015.

*Prior Litigation.*

In December 2003, Enpalm, LLC, and Pico 26, LLC (collectively Enpalm), acquired the Property from the Trust. Alleging that it was unaware of the Yadegars' long-term lease at the time it purchased the Property, Enpalm filed its first action against the Trust and the Yadegars in August 2004. The trial court granted the Trust and the Yadegars' motion for judgment in June 2006.

Enpalm then filed an unlawful detainer action against the Yadegars, which challenged the authenticity of the Lease. In a statement of decision following a bench trial, the trial court ruled that the third addendum to the Lease was enforceable against Enpalm. Accordingly, it found that neither a three-day nor a 30-day notice to quit was appropriate, because the Yadegars were not in violation of the Lease and were operating under a Lease that did not expire

until 2010. Judgment was entered in June 2007. In January 2008, the trial court ordered Enpalm to pay the Yadegars $109,062.50 in attorney fees and $1,993 in costs.

In an unpublished opinion, we affirmed, rejecting Enpalm's argument that the term of the Yadegars' tenancy had been litigated in the first action and determined to be month to month. (*Enpalm v. Yadegar* (Dec. 30, 2008, B201175).) In April 2009 the trial court entered an award of attorney fees and costs on appeal, ordering Enpalm to pay the Yadegars $70,770 in attorney fees and $552.25 in costs.

While the appeal was pending, the Yadegars learned that the Property was in foreclosure and advised the deed of trust holders of their intention to withhold their rent as an offset to the amounts due them under the judgments. Beginning in March 2009, the Yadegars stopped paying rent in order to offset the judgment amounts owing from Enpalm.

Wilmington Park, Inc., acquired the Property through foreclosure. After the Yadegars informed the new owner of the offset, it neither sued the Yadegars to collect rent nor took any other action to obtain rental payments from the Yadegars.

*The Instant Unlawful Detainer Action.*

Appellant purchased the property in October 2009. On November 4, 2009, a registered process server served the Yadegars with a three-day notice to pay rent or quit that stated that the amount of rent due was $4,899.99. In response, the Yadegars, via their attorney, wrote to appellant on November 5, 2009, stating that they had been served with a three-day notice, outlining the history of the litigation between them and the prior owners of the Property, disputing that any amount was then due and offering to pay $17,000 as representing the balance of the annual rent due from October 2009 to April 2010.

Appellant filed an unlawful detainer action on November 12, 2009. It alleged that the Yadegars entered into a one-year lease on September 1, 2002, that had become a month-to-month lease, and that they had agreed to pay $3,500 per month in rent. It further alleged that it posted on the premises and mailed a three-day notice to pay rent or quit on November 4, 2009, and that the amount of rent due at that time was $4,899.99. Attached to the complaint were copies of the Lease, including the one-page lease addendum entered into simultaneously with the Lease; the second addendum signed March 20, 2003; the third addendum dated June 23, 2003; the three-day notice to pay rent or quit; and the proof of service of the three-day notice.

The Yadegars filed a verified answer, denying the allegations and asserting several affirmative defenses.

Following a January 5, 2010 bench trial, the trial court granted the Yadegars' motion for judgment brought pursuant to section 631.8, reasoning that appellant had failed to establish a prima facie case as to any cause of action alleged. Specifically, relying on *Liebovich v. Shahrokhkhany* (1997) 56 Cal.App.4th 511 [65 Cal.Rptr.2d 457] (*Liebovich*), the trial court sustained the Yadegars' objection to the admission of the proof of service of the three-day notice and found that appellant failed to meet its burden to show that the notice was properly served. Judgment was entered in March 2010[2] and this appeal followed.

## DISCUSSION

Appellant contends that it met its burden to show proper service of the three-day notice, arguing that the trial court abused its discretion by declining to admit into evidence the process server's declaration and erroneously ruled that the Yadegars' admission of receipt of the notice was insufficient to establish proper service. Though we cannot conclude that appellant met its burden of proof to show proper service, the proof of service should have been admitted and accorded a presumption of the facts stated therein. For this reason, we must reverse the judgment and remand the matter for retrial.[3]

I. *Applicable Unlawful Detainer Principles.*

■ "Unlawful detainer is a unique body of law and its procedures are entirely separate from the procedures pertaining to civil actions generally." (*Losornio v. Motta* (1998) 67 Cal.App.4th 110, 115 [78 Cal.Rptr.2d 799].) Sections 1159 through 1179a comprise what is commonly known as the Unlawful Detainer Act; the statutes are "broad in scope and available to both lessors and lessees who have suffered certain wrongs committed by the other." (*Losornio v. Motta, supra,* at p. 113.) An unlawful detainer action " 'is

---

[2] Although the matter was transferred to Department 64 in the Central District of the Superior Court of Los Angeles County because it was deemed related to the prior unlawful detainer action, appellant obtained a default judgment in the Beverly Hills courthouse where the action had been originally filed. The Yadegars later successfully moved to set aside the default judgment.

[3] In view of our conclusion that the proof of service was erroneously excluded from evidence, we need not address appellant's alternative contention that the Yadegars' November 5, 2009 letter established proper service. In any event, we would not find that the Yadegars' statement that they had been "served" sufficient to establish appellant's strict compliance with section 1162. (Cf. *University of So. Cal. v. Weiss* (1962) 208 Cal.App.2d 759, 768–769 [25 Cal.Rptr. 475] [tenant's admitting receipt of notice deemed sufficient where mailing alone constituted personal service].)

a statutory proceeding and is governed solely by the provisions of the statute creating it.' [Citations.] As special proceedings are created and authorized by statute, the jurisdiction over any special proceeding is limited by the terms and conditions of the statute under which it was authorized [citation], and . . . [t]he statutory procedure must be strictly followed. [Citations.]" (*Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 599–600 [181 Cal.Rptr. 795].)

■ According to the statutes governing unlawful detainer proceedings, " 'a tenant is entitled to a three-day notice to pay rent or quit which may be enforced by summary legal proceedings (Code Civ. Proc., § 1161) but this notice is valid and enforceable only if the lessor strictly complies with the specifically described notice conditions. (Code Civ. Proc., § 1162.)' " (*Kwok v. Bergren, supra*, 130 Cal.App.3d at p. 600, quoting *Lamey v. Masciotra* (1969) 273 Cal.App.2d 709, 713 [78 Cal.Rptr. 344].) Stated another way, "[p]roper service on the lessee of a valid three-day notice to pay rent or quit is an essential prerequisite to a judgment declaring a lessor's right to possession under section 1161, subdivision 2. [Citations.]" (*Liebovich, supra*, 56 Cal.App.4th at p. 513.) "A lessor must allege and prove proper service of the requisite notice. [Citations.] Absent evidence the requisite notice was properly served pursuant to section 1162, no judgment for possession can be obtained. [Citations.]" (*Ibid.*)

■ Former section 1162 specified three ways in which service of the three-day notice may be effected on a residential tenant: "1. By delivering a copy to the tenant personally; or, [¶] 2. If he or she is absent from his or her place of residence, and from his or her usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his or her place of residence; or, [¶] 3. If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there can not be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated." As explained in *Liebovich, supra*, 56 Cal.App.4th at page 514, "[w]hen the fact of service is contested, compliance with one of these methods must be shown or the judgment must be reversed."

II.  *Because the Yadegars Were Served by a Registered Process Server,*
     *Evidence Code Section 647 Applied to Accord a Presumption to the*
     *Facts Stated in the Proof of Service.*

In an appeal from an unlawful detainer judgment, " '[w]e review the trial court's findings of fact to determine whether they are supported by substantial evidence. [Citation.] To the extent the trial court drew conclusions of law

based upon its findings of fact, we review those conclusions of law de novo. [Citation.]' " (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266 [35 Cal.Rptr.3d 343].) Moreover, we review the trial court's evidentiary rulings for an abuse of discretion. (E.g., *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 885 [57 Cal.Rptr.3d 454].)

The trial court here relied exclusively on *Liebovich, supra,* 56 Cal.App.4th 511, to conclude both that the proof of service was inadmissible hearsay and that the Yadegars' November 5, 2009 letter acknowledging service of the three-day notice was insufficient evidence of appellant's compliance with section 1162. In *Liebovich,* the landlord served the tenant with a three-day notice to pay rent or quit via certified mail, and tenant denied that he ever received the notice. To meet its burden to show compliance with section 1162, the landlord offered evidence at trial comprised of an affidavit of service by certified mail and a certified mail return receipt with an illegible signature. (*Liebovich, supra,* at p. 514.) Though the trial court entered judgment for the landlord on the basis of this evidence, the appellate court reversed, holding that the landlord did not provide sufficient evidence of proper service in accordance with section 1162. (*Liebovich, supra,* at p. 514.)

The *Liebovich* court determined "that the affidavit of service alone (putting aside questions concerning the return receipt) was insufficient to prove the controverted fact of service. [Citations.] Affidavits of service may not be relied on at trial to prove a three-day notice was served pursuant to section 1162; testimony of the person who made the service is required. [Citation.]" (*Liebovich, supra,* 56 Cal.App.4th at p. 514.) The court adopted the reasoning of *Lacrabere v. Wise* (1904) 141 Cal. 554, 556 [75 P. 185] (*Lacrabere*), where the court determined that the method of proof sanctioned by section 2009[4] has no application where proper proof of service constitutes an element of the landlord's claim directly in controversy. (*Liebovich, supra,* at p. 515.)

While on its face *Liebovich* would appear to dispose of appellant's contention that the affidavit of service should have been admitted as adequate proof of statutory compliance, this matter does not fall squarely within the confines of that authority. A dispositive distinction here is that service was effected by a registered process server. In contrast, there is no indication in either *Liebovich* or *Lacrabere* that the affidavits of service were signed or service was performed by a registered process server. For that reason, neither case had reason to address the impact of Evidence Code section 647, which provides: "The return of a process server registered pursuant to

---

[4] Section 2009 provides in pertinent part: "An affidavit may be used . . . to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings . . . ."

Chapter 16 (commencing with Section 22350) of Division 8 of the Business and Professions Code upon process or notice establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[5] Although appellant has not cited and we have not located any California case applying Evidence Code section 647 in an unlawful detainer action, courts routinely apply other Evidence Code provisions in unlawful detainer actions. (E.g., *Plaza Freeway Ltd. Partnership v. First Mountain Bank* (2000) 81 Cal.App.4th 616, 621–622 [96 Cal.Rptr.2d 865] [applying Evid. Code, § 622 in an unlawful detainer action]; *Ramona Manor Convalescent Hospital v. Care Enterprises* (1986) 177 Cal.App.3d 1120, 1137 [225 Cal.Rptr. 120] [applying Evid. Code, § 352 in an unlawful detainer action].) Moreover, nothing in the governing statutory scheme suggests that the Evidence Code should not apply to unlawful detainer proceedings. (See generally §§ 1159–1179a.)

Consistent with this authority, at least one treatise assumes that the Evidence Code section 647 presumption would apply in an unlawful detainer action notwithstanding *Liebovich, supra*, 56 Cal.App.4th 511: "Normally, the landlord will have to produce the person who served the notice to testify to the facts of service. When the issue is controverted, proof by affidavit alone will not suffice. [Citations.] [¶] . . . However, if the notice was served by a registered process server [citation], plaintiff may take advantage of a statutory presumption: The registered process server's proof of service can be introduced as a business record [citation], thereby creating a presumption affecting defendant's burden of producing evidence. [Citations.] [¶] If defendant does not introduce rebuttal evidence, the trier of fact must find for plaintiff in accordance with the presumption. Conversely, the presumption is dispelled by defendant's introduction of rebuttal evidence, and the burden shifts back to plaintiff to put the person who served the notice on the stand to testify to proper service." (Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2010) ¶¶ 9:204.1 to 9:204.2, p. 9-54 (rev. # 1, 2009), italics omitted.)

■ We agree that where service is carried out by a registered process server, Evidence Code section 647 applies to eliminate the necessity of calling the process server as a witness at trial. This conclusion is consistent with the purpose of the unlawful detainer procedure to afford a relatively simple and speedy remedy for specific landlord-tenant disputes. (See *Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 151 [130 Cal.Rptr. 465,

---

[5] Contrary to the Yadegars' argument we should reject appellant's argument because it is made for the first time on appeal, appellant did reference Evidence Code section 647 at trial.

550 P.2d 1001].) Accordingly, we conclude the trial court erred by failing to apply the evidentiary presumption afforded by Evidence Code section 647. The excluded proof of service established that a registered California process server served the three-day notice. Moreover, the proof of service indicated that the Yadegars were served in accordance with the requirements of former section 1162, subdivision 3. (See *Nourafchan v. Miner* (1985) 169 Cal.App.3d 746, 750–751 [215 Cal.Rptr. 450] [§ 1162 does not require a showing of reasonable diligence in attempting personal service before resorting to the alternate method of service by posting and mailing], disapproved on another point in *Minelian v. Manzella* (1989) 215 Cal.App.3d 457, 464 [263 Cal.Rptr. 597]; *Highland Plastics, Inc. v. Enders* (1980) 109 Cal.App.3d Supp. 1, 6 [167 Cal.Rptr. 353] [same].)

We reject the Yadegars' argument that application of the presumption would have made no difference; they contend that they overcame any evidentiary presumption by denying in their verified answer that they had been served with the three-day notice. Under Evidence Code section 647, the proof of service "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." As explained in Evidence Code section 604, "[t]he effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." Thus, the Yadegars were required to come forth with evidence—beyond their answer—in order to overcome the presumption. (See, e.g., *Farr v. County of Nevada* (2010) 187 Cal.App.4th 669, 680–681 [114 Cal.Rptr.3d 36] ["if a presumption affecting the burden of producing evidence 'applies to a proposition, the proponent of the proposition need not prove it unless the opposing party produces evidence undermining it, in which case the presumption is disregarded and the trier of fact must decide the question without regard to it' "]; *People v. Chavez* (1991) 231 Cal.App.3d 1471, 1483 [283 Cal.Rptr. 71] ["If some fact be presumed, the opponent of that fact bears the burden of producing or going forward with evidence sufficient to overcome or rebut the presumed fact."].) The Yadegars offered no evidence to show that they were not properly served and instead relied on their answer and appellant's asserted failure to satisfy its burden of proof. On retrial, they will have the opportunity to present evidence to rebut the presumption afforded by Evidence Code section 647. (See *Bonzer v. City of Huntington Park* (1993) 20 Cal.App.4th 1474, 1481 [25 Cal.Rptr.2d 278] [upon credible evidence that document was never received, presumption of receipt from mailing "ceased to exist"].)

## DISPOSITION

The judgment is reversed and the matter is remanded for retrial in accordance with the views expressed herein. Appellant is awarded its costs on appeal.

Ashmann-Gerst, J., and Chavez, J., concurred.

A petition for a rehearing was denied May 23, 2011.