Filed 5/24/23  De Witte Mortgage Investors Fund v. Carradine CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DE WITTE MORTGAGE INVESTORS FUND, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SANDRA WILL CARRADINE,<br><br>Defendant and Respondent. | B317957<br><br>(Los Angeles County Super. Ct. No. 19STUD00909) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa Beaudet, Judge.  Affirmed.

Law Office of Shalom Rubanowitz, Shalom Rubanowitz; Zarmi Law and David Zarmi for Plaintiff and Appellant.

BASTA, Inc., Eric Post and Daniel J. Bramzon for Defendant and Respondent.

————————————

## INTRODUCTION

Appellant De Witte Mortgage Investors Fund, LLC[1] (De Witte) acquired a property in the City of Los Angeles through foreclosure.  De Witte filed an unlawful detainer action to obtain possession of the property.  A tenant, respondent Sandra Will Carradine (Carradine), opposed the unlawful detainer action, alleging she had entered into a pre-paid, long-term lease with the prior owner before the foreclosure.  Carradine's allegations regarding her lease potentially brought her within the protections of Code of Civil Procedure[2] section 1161b, subdivision (b) (section 1161b(b)), which provides that "tenants or subtenants holding possession of a rental housing unit under a fixed-term residential lease entered into before transfer of title at the foreclosure sale shall have the right to possession until the end of the lease term, and all rights and obligations under the lease shall survive foreclosure."  (§ 1161b(b).)  Section 1161b(b) has several exclusions, however, including when "[t]he lease was not the result of an arms' length transaction" and when "[t]he lease requires the receipt of rent that is substantially less than fair market rent for the property."  (§ 1161b(b)(3) & (4).)  Section 1161b, subdivision (e) further states that nothing in section 1161b "is intended to affect any local just cause eviction ordinance."  (*Id*., subd. (e).)

Carradine moved for summary judgment, arguing that the notice to vacate De Witte had served in advance of the unlawful

---

[1] Appellant indicates it was erroneously identified as De Witte Mortgage Investment Fund, LLC in its notice of appeal.

[2] Unspecified statutory references are to the Code of Civil Procedure.

2

detainer action did not comply with just cause-related eviction requirements imposed by the Los Angeles Municipal Code (LAMC) that restrict the grounds on which landlords can recover possession of rental units. Carradine's summary judgment motion addressed only alleged deficiencies in the notice to vacate (namely, the failure to specify an authorized ground for eviction under the LAMC), and did not argue that her lease fit within the terms of section 1161b(b). De Witte's response likewise did not mention or reference section 1161b(b). The trial court found the notice to vacate non-compliant with the LAMC, granted the motion, and entered judgment in Carradine's favor.

De Witte now challenges the summary judgment ruling on the ground that Carradine failed to present evidence showing she was entitled to protection under section 1161b(b). Specifically, De Witte contends that Carradine failed to present evidence to show her lease did not fall into the "arms' length" and "fair market rent" exclusions set forth in section 1161b(b)(3) and (4). De Witte's challenge fails because Carradine did not rely on section 1161b(b) when moving for summary judgment, and Carradine was not otherwise required to present evidence to show that 1161b(b) applied.

Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

A.    **The Lease[3]**

Prior to October 2018, Lee Wong, 1565 Haslam, LLC, Alex Cardenas, Ruben Trejo, and LW Asset Management, LLC (the

---

[3] The following facts are taken from De Witte's unlawful detainer complaint and the evidence submitted by Carradine in

3

prior owners) owned a property at 2115 Kress Street in Los Angeles (Kress Street property).

On or about May 1, 2018, Carradine entered into a three-year lease with Wong to rent the property.  Carradine prepaid two years of rent.

**B.  The Foreclosure, Notice to Vacate and Unlawful Detainer Action**

On October 1, 2018, De Witte acquired ownership of the Kress Street property through foreclosure.

On October 26, 2018, De Witte served a notice to vacate and surrender possession.  The notice was served by mail on the prior owners at the Kress Street address and also posted at the property.  The notice was addressed to all of the prior owners, except LW Asset Management, LLC, and also to "all other occupants in possession" of the Kress Street property.  The notice gave any former owners, and any individuals claiming an interest in the property through a former owner, three days to vacate; any tenant of the former owner 30 days to vacate; and any tenant of the former owner "pursuant to a periodic tenancy or an expired lease" 90 days to vacate.  An attachment addressed to "[a]ny [r]enters [l]iving at" the Kress Street property summarized various tenants' rights and listed some possible sources for free advice.  The notice did not specify any reason for the termination of tenancies other than the sale of the property following foreclosure.

On January 25, 2019, De Witte filed a complaint for unlawful detainer against the prior owners and "Doe" defendants.

_____

support of her motion for summary judgment.  De Witte did not submit any evidence in opposition to the motion.

4

On March 15, 2019, the clerk entered the default of the prior owners at De Witte's request. On March 18, 2019, the court entered a default clerk's judgment in favor of De Witte against the prior owners.

Carradine later filed a claim of right of possession pursuant to section 1174.3, alleging that she lived at the Kress Street property and had a rental agreement with a former owner who lost the property through foreclosure.[4] As a result of the filing, Carradine was added as a defendant in the action.

## C.    Carradine's Motion for Summary Judgment

Carradine filed a motion for summary judgment on July 12, 2021. Carradine argued she was entitled to judgment in her favor because (1) the LAMC prohibited tenant evictions from foreclosed residential rental properties unless the eviction was for one of 14 permissible reasons prescribed in the LAMC, (2) the LAMC requires the notice to vacate set forth the permissible reason(s) for the eviction, and (3) the notice to vacate on which the complaint against Carradine was based did not list any permissible reason to evict as required by the LAMC.

In making this argument, Carradine relied on sections 49.92 and 151.09 of the LAMC. Section 49.92 of the LAMC provides that "A landlord who obtains title through Foreclosure to property containing Rental Units may bring an action to

_____

[4] Section 1174.3 provides, in relevant part, "any occupant not named in the judgment for possession who occupied the premises on the date of the filing of the action may object to enforcement of the judgment against that occupant by filing a claim of right to possession as prescribed in this section. . . . Filing the claim of right to possession shall constitute a general appearance . . . ." (§ 1174.3, subd. (a)(1).)

5

recover possession of a Rental Unit on the property from a tenant whose tenancy commenced on or before the date that the landlord obtained title, only upon the grounds set forth in Subdivision A. of Section 151.09 of this Code.  To recover possession of a Rental Unit from a tenant, the landlord must comply with all of the requirements and provisions of Section 151.09 . . . ."[5]  (*Ibid.*)  LAMC section 151.09 in turn provides that a tenant can be evicted only for one of 14 listed reasons.  (*Id.*, subd. (A).)  LAMC section 151.09 provides that "In any action to recover possession of a rental unit, the landlord shall serve on the tenant a written notice setting forth the reasons for the termination. . . ."  (*Id.*, subd. (C).)

Carradine submitted a declaration in support of her summary judgment motion in which she stated that she signed a three-year lease on May 1, 2018, to rent the Kress Street property, which is an approximately 750 sq. ft. residential single-family home.  Carradine averred that she signed the lease with the landlord at the time, Lee Wong, and that she had negotiated a lower monthly rate by agreeing both to prepay rent for two years and to pay for needed repairs to the property.  Carradine further declared that she had money to prepay rent because she had received a settlement after being forced to move out of her

---

[5] Section 49.92 is within article 14.1 of the LAMC, which is titled "Eviction of Tenants from Foreclosed Residential Rental Properties."  The LAMC provides that article 14.1 "shall be in effect through December 31, 2020, unless the City Council acts by ordinance to amend this Section to extend its effective period." (LAMC, § 49.95.)  There is no dispute that the notice to quit and unlawful detainer complaint were filed while article 14.1 was in force.

previous residence. Carradine's declaration also authenticated copies of the lease and a receipt for her prepayment of rent.

On August 26, 2021, De Witte filed an opposition raising four arguments: (1) that the court should strike Carradine's amended answer because it was not verified; (2) that the LAMC provisions upon which Carradine relied were inapplicable because they had expired; (3) that De Witte was not a "landlord" under the LAMC and thus was not required to satisfy the LAMC notice requirements for eviction; and (4) that Carradine's three-year lease had expired. De Witte did not submit any evidence, or otherwise dispute the facts on which Carradine moved for summary judgment.

## D. The Trial Court's Ruling and Judgment

On September 13, 2021, the trial court granted Carradine's motion, concluding that De Witte's notice to vacate did not comply with the LAMC and this was a "complete defense" to the unlawful detainer action. The court rejected De Witte's four arguments in opposition to the motion.[6]

The court entered judgment on September 28, 2021. The clerk served a notice of entry of judgment by mail on September 28, 2021.[7]

---

[6] As De Witte does not argue any error in the trial court's ruling on these four grounds, we do not summarize the court's reasoning as to any of them.

[7] The notice of entry of judgment was filed on September 28, and the certificate of mailing indicated it was served that day, but the signature block on the notice itself was dated September 29. We need not decide which date governs because it does not affect the timeliness or merits of this appeal.

7

De Witte timely filed its notice of appeal on November 29, 2021.[8]

## DISCUSSION

### A.     Standard of Review

" 'Because this case comes before us after the trial court granted a motion for summary judgment, we take the facts from the record that was before the trial court when it ruled on that motion. [Citation.] " 'We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.' " [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party. [Citation.]' [Citation.]" (*Lonicki v. Sutter Health Central* (2008) 43 Cal.4th 201, 206.)

---

[8] De Witte contends in its briefing that it "filed a timely notice of appeal on November 25, 2021," but the notice of appeal was in fact filed on November 29, 2021. Even so, assuming the notice of entry of judgment was served on September 28, 2021, the notice of appeal was timely filed within 60 days as required by California Rules of Court, rule 8.104(a)(1)(A) because the 60th and 61st days were court holidays (Saturday and Sunday), and the notice was filed on the following Monday. (See § 12 ["The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded"]; *Estate of Drummond* (2007) 149 Cal.App.4th 46, 50 & fn. 1 [notice of appeal filed on the 62d day after the clerk mailed a copy of the order was timely under § 12].)

A defendant who moves for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850; see § 437c, subd. (o).) Such a defendant also "bears the initial burden of production to make a prima facie showing that no triable issue of material fact exists. Once the initial burden of production is met, the burden shifts to [plaintiff] to demonstrate the existence of a triable issue of material fact." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1250.) A triable issue of material fact exists " ' "if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." [Citation.]' [Citation.]" (*Janney v. CSAA Ins. Exchange* (2021) 70 Cal.App.5th 374, 389-390.)

## B.    Unlawful Detainer Law

"The purpose of the unlawful detainer statutes is procedural." (*Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 149.) The statutes (§ 1159 et seq.) "provide landlords with a summary procedure for exercising their rights of repossession against tenants." (*Birkenfeld, supra*, at p. 151.) Section 1161 sets forth the circumstances under which "[a] tenant of real property, for a term less than life . . . is guilty of unlawful detainer."

Proper service of a valid notice to quit is an essential prerequisite to a judgment declaring a lessor's right to possession. (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425.) Section 1162 sets forth permissible methods of service of the notice to quit. " 'A lessor must allege

and prove proper service of the requisite notice.  [Citations.] Absent evidence the requisite notice was properly served pursuant to section 1162, no judgment for possession can be obtained.  [Citations.]' " (*Palm Property Investments, LLC*, *supra*, at p. 1425.)

Under section 1161b, subdivision (a) "a tenant or subtenant in possession of a rental housing unit under a month-to-month lease or periodic tenancy at the time the property is sold in foreclosure shall be given 90 days' written notice to quit pursuant to Section 1162 before the tenant or subtenant may be removed from the property as prescribed in this chapter."  (§ 1161b, subd. (a).)  Section 1161b(b) provides, as relevant here, that a tenant holding possession of a rental housing unit under a fixed-term residential lease entered into before a foreclosure sale "shall have the right to possession until the end of the lease term" but may have that tenancy "terminated upon 90 days' written notice to quit pursuant to subdivision (a) if any of the following conditions apply: [¶] . . . [¶]  (3) The lease was not the result of an arms' length transaction.  [¶]  (4) The lease requires the receipt of rent that is substantially less than fair market rent for the property . . . ."[9]  (§ 1161b(b)(3) & (4).)  Section 1161b places the burden of proof to establish that a fixed-term tenancy is not entitled to protection under section 1161(b) on "[t]he purchaser or successor in interest" seeking possession.  (§ 1161b, subd. (c).)  Finally, section 1161b states that nothing in that section "is intended to affect any local just cause eviction ordinance"

---

[9] The exception for rent below the fair market rate does not apply "when rent is reduced or subsidized due to a federal, state, or local subsidy or law."  (§ 1161b(b)(4).)

10

(§ 1161b, subd. (e)), which would include as relevant here LAMC sections 49.92 and 151.09.

## C. The Trial Court Did Not Err in Granting Summary Judgment

De Witte contends the trial court erred in granting summary judgment because, in order for Carradine to qualify for protection as a tenant, section 1161b(b) required her to present evidence that she had a bona fide tenancy negotiated through an arm's length transaction.

De Witte did not make this argument before the trial court. Carradine argues we therefore should not consider it, relying on the "well settled" principle in appellate review of summary judgment that " 'possible theories that were not fully developed or factually presented to the trial court cannot create a "triable issue" on appeal. [Citations.]' [Citations.]" (*Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 962.) De Witte's argument, however, is a purely legal one—it contends the law required Carradine to present evidence that she was a bona fide tenant with a bona fide lease as defined in section 1161b(b). We may consider a newly-raised issue in an appeal from a grant of summary judgment when it involves a purely legal question that does not turn on disputed facts or evidence, and which the parties have fully briefed as they have here. (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 335-336.)

We begin by noting that Carradine's motion was not based on section 1161b. That section permits, on a statewide basis, tenants living in foreclosed rental housing to maintain possession pursuant to fixed-term residential leases until the end of the lease term, unless one of the exceptions set forth in section 1161b(b) is demonstrated by the purchaser of the property or the

11

lessor's successor in interest. That statewide baseline, however, does not affect any local just cause eviction ordinance that affords additional protections, nor does it affect "the authority a public entity [here, the City of Los Angeles] that otherwise exists to regulate or monitor the basis for eviction." (§ 1161b, subd. (e).)

Carradine's motion was premised on sections 49.92 and 151.09 of the LAMC. The LAMC defines "Tenant" as "A tenant, subtenant, lessee, sublessee or any other person entitled to use or occupancy of a rental unit." (LAMC, § 151.02.) Thus, to invoke the tenant protections of the LAMC Carradine did not need to show that section 1161b(b) applied to her lease, or that she met section 1161b(b)'s definition of tenancy as opposed to the definition in the LAMC. De Witte does not contest that the LAMC applies to the Kress Street property or that the LAMC requires the property owner to provide the tenant notice of a ground for eviction permitted under the LAMC. De Witte argues that a tenant is not "entitled" to possession of property, within the meaning of LAMC section 151.02, unless they can show that section 1161b(b) applies to them, but this argument is not supported by the language of LAMC section 151.02 and De Witte provides no other support for it. Nor is De Witte's argument supported by the language of section 1161b, as (1) section 1161b expressly states its provisions do not affect local ordinances regulating the basis for eviction (§ 1161b, subd. (e)), and (2) even if section 1161b somehow applied, it required De Witte—not Carradine—to adduce evidence regarding the bona fides of the lease (§ 1161b, subd. (c)). We therefore reject De Witte's argument about what section 1161b required Carradine to adduce at summary judgment.

12

The undisputed evidence showed the notice to quit did not comply with LAMC section 151.09, subdivision (C) as it did not contain any written notice of the reason for the termination of tenancy compliant with LAMC section 151.09, subdivision (A). A party invoking the summary procedures of unlawful detainer must strictly comply with the applicable notice requirements given the summary nature of the proceedings. (*WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526.) Given the deficiency in the notice to quit, summary judgment in Carradine's favor on the unlawful detainer cause of action was appropriate.

At their core, De Witte's appellate arguments confuse the deficiency in the notice to quit with whether Carradine was entitled to maintain possession. For example, De Witte notes the trial court crossed out language in the proposed judgment submitted by Carradine that she was entitled to live in the property, arguing the court "made the impossible finding that [Carradine] was not entitled to possession as a matter of law" but that De Witte "was not allowed to go to trial to challenge the bona fides of [her] tenancy." The summary judgment motion did not present, nor did the court rule on, whether Carradine's tenancy satisfied section 1161b(b). The trial court instead held only that the notice to quit was procedurally deficient, which meant the unlawful detainer matter could not proceed under that particular notice to quit.

De Witte's reliance on *Crescent Capital Holdings, LLC v. Motiv8 Investments, LLC* (2022) 75 Cal.App.5th Supp. 1 (*Crescent Capital*) is misplaced. In *Crescent Capital*, the superior court's appellate division addressed a claimant's burden to prevail on a postjudgment claim of right to possession pursuant to section 1174.3, which provides "a mechanism for an occupant of the

13

property who is not identified in a judgment favoring the landlord to be inserted into the [unlawful detainer] lawsuit as a party defendant."[10] (*Crescent Capital, supra*, at p. 4.) The property at issue was located in Altadena; the LAMC was thus not at issue. (*Id*. at p. 5.) The plaintiff in *Crescent Capital* argued the section 1174.3 claim at issue failed because the claimant had not shown that the exceptions set forth in section 1161b(b)(3) and (4) did not apply. (*Crescent Capital, supra*, at p. 10.) The appellate division rejected this argument, stating "whether the claimant is a bona fide tenant, or her lease is a bona fide lease entitled to the protections of section 1161b, are issues to be litigated in the unlawful detainer trial." (*Id*. at p. 11.)

De Witte seizes on this statement to argue that a tenant must show the exceptions to section 1161b(b)(3) and (4) do not apply in order to prevail in an unlawful detainer trial. But the appellate division's statement reflects merely that a trial court need not address the applicability of the exceptions to section 1161b(b) in ruling on a postjudgment claim of right to possession under section 1174.3. *Crescent Capital* did not address a tenant's defense to an unlawful detainer action based on the provisions of the LAMC, as is at issue in this case. "[A] case is not authority for a proposition not considered therein or an issue not presented by its own particular facts." (*Satten v. Webb* (2002) 99 Cal.App.4th 365, 383.)

---

[10] As is noted above, Carradine was added as a defendant in this case after filing a claim under section 1174.3. De Witte does not challenge the validity of Carradine's section 1174.3 claim or contend that she was improperly added as a defendant.

14

Finally, De Witte relies on the court's later ruling on a motion for attorney's fees Carradine filed after the judgment was entered. Any materials submitted in connection with the attorney's fees motion, and the court's ruling on the motion, are irrelevant to our review of the court's ruling on Carradine's motion for summary judgment. "It is well settled that in reviewing a summary judgment, ' ". . . the appellate court must consider only those facts before the trial court, disregarding any new allegations on appeal. [Citation.]" ' " (*Havstad v. Fidelity National Title Ins. Co.* (1997) 58 Cal.App.4th 654, 661.)[11]

---

[11] De Witte included the parties' briefing on the motion for attorney's fees and the court's ruling on that motion in its appellant's appendix. However, in its reply brief, De Witte stated, "The trial court's later ruling is, of course, not necessary for appellant's legal argument, and appellant leaves it to the [c]ourt whether to consider it for background or to disregard it completely." We do not consider these documents, which were filed after the court entered the judgment which is the subject of this appeal.

## DISPOSITION

The judgment is affirmed.  Carradine is awarded her costs on appeal.

NOT TO BE PUBLISHED


                                        WEINGART, J.


We concur:



CHANEY, J.



BENDIX, Acting P. J.