Filed 10/31/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| HELEN LEE, | B340352 |
| Plaintiff and Respondent, | Los Angeles County<br>Super. Ct. No. 19STCV46869 |
| v. | |
| CHARLENE YAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed.

Jen Law Firm and Jerry Jen for Plaintiff and Respondent.

Decker Law, James Decker, Griffin Schindler and Chris Jones for Defendant and Appellant.

_____

The trial court rightly denied Charlene Yan's motion to vacate Helen Lee's default judgment.  The service of process was proper.

Lee named Yan as a defendant in a suit over an unrepaid loan. The process server went to McSen Realty Corp. at 400 Spectrum Center, Suite 1550, Irvine, CA 92618 five times to serve Yan at her "usual place of business." Each time he spoke with Catherine Lou, the office administrator. Each time Lou said Yan "was not in at this time." On the last attempt, the server completed substituted service by leaving documents with Lou and, as the statute requires, mailing them to Yan at the same address.

Lee moved for default judgment against Yan. In November 2020, the court granted Lee default judgment against Yan. The court granted Lee an amended default judgment adding Yan's aliases.

In 2022, Lee used the default judgment to levy four of Yan's bank accounts at Chase Bank.

In January 2024, Yan moved to vacate the default judgment under Code of Civil Procedure section 473, subdivision (d) ("Section 473(d)"), which allows a court to set aside a void default.

Yan argued Lee's default was void because service was improper. Yan said the address served in 2020 was not Yan's usual place of business. In support of this argument and with our emphasis, Yan filed a declaration stating, "*I had no position with McSen Realty* Corp., located at 400 Spectrum Center, Suite 1550, Irvine, CA 92618 and I did not participate in that business." She said Lou knew her through Yan's husband, who did work at McSen Realty Corp. Yan claims she became aware of the default judgment only when informed by her attorney in another matter on January 8, 2024. Her declaration did not elaborate further.

Lee opposed Yan's motion by offering proof from the State of California's Department of Real Estate showing Yan got her real estate license in April 2016 and her "Responsible Broker" then was McSen Realty Corp.

In her *supplemental* declaration, Yan confirmed she became a licensed real estate agent in April 2016 and at that time her responsible broker indeed was McSen Realty Corp. Yan also submitted a Statement of Information filed with the California Secretary of State in 2023 for McSen Realty Corp. that listed Yan as McSen's *chief executive officer*.

Now Yan offered a new and different explanation: at the time of service in 2020, her then-husband was operating McSen, but Yan had separated from him, and Yan had become "an independent real estate agent working from my home." Yan claimed that at the time of service she did not have an office or usual place of business at McSen at the address the process server visited, and she did not receive mail there.

The trial court denied Yan's motion.

Section 473(d) allows a court to set aside a void judgment. Trial courts have no statutory power under this provision to set aside a judgment that is *not* void. We independently review a trial court's determination whether a judgment is void for want of proper service. (*Braugh v. Dow* (2023) 93 Cal.App.5th 76, 86.) We support the trial court's ruling on any ground that is proper and we imply all reasonable and necessary findings to this end. We defer to the trial court's factual findings.

The trial court properly ruled Yan failed to overcome the presumption of proper service created by the sworn proof of service. (See *Palm Property Investments, LLC v. Yadegar* (2011)

3

194 Cal.App.4th 1419, 1428 [applying Evidence Code § 647 evidentiary presumption].)

The question was whether the process server had served a person in charge of Yan's "usual place of business." (Code Civ. Proc., § 415.20, subd. (b).) The process server's declaration averred just that.

In opposition and under oath, Yan changed her story. At first she swore she had "no position" at McSen. When confronted with decisive evidence she *had* been with McSen since at least 2016, Yan now claimed she spent her time working from home in 2020 but admitted, as of at least 2023, she returned to McSen and now *did* have a position at McSen: *chief executive officer*.

Yan's changing and incomplete story undermined her credibility. Yan's first declaration created the reasonable impression Yan had no connection whatsoever with McSen. Her second declaration was a sharp about-face: now she *had* been with McSen, and for a long time. And in 2023 she *ran* the entire realty operation as chief executive officer. But for some unspecified period in 2020 Yan had been totally unconnected with the place, working only from home, only as an independent realtor.

This story is missing a lot of pieces. When exactly did Yan totally exit McSen? When did she return? How did this exile become chief executive officer? What corroborates this tale of turning tides? The story did not recount an impossibility, but it did require context to be plausible. Yan left out the necessary context.

Moreover, the person at McSen kept telling the process server that Yan "was not in *at this time*." This usage implied the person indeed knew Yan, that Yan was around generally, but

4

that Yan was out at that moment.  That person did not say something like "Yan does not work here anymore," or "Who is Yan?"  This wording reinforced the inference Yan was unreliable.

The trial court had grounds for concluding Yan was incredible.  We defer to this finding.  The trial court was right to rule service was proper.

## DISPOSITION

We affirm and award costs to the respondent.

WILEY, ACTING P. J.

We concur:

VIRAMONTES, P. J.

UZCATEGUI, J.*

---

1* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5