[No. A040326. First Dist., Div. One. Nov. 7, 1989.]

ABE HOZZ, Plaintiff and Respondent, v.
DAVID LEWIS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

**COUNSEL**

Hunt & Hunt, Peter Hunt and Armen L. George for Defendant and Appellant.

Worthington & Worthington, William F. Worthington, Jr., Guy Allan Wilson and Jaquelynn C. Pope for Plaintiff and Respondent.

**OPINION**

**RACANELLI, P. J.**—This is the second appeal in a lengthy dispute between a landlord and his tenant. In the first appeal, this court concluded, inter alia, that the tenant had no right to compel the landlord to sell him the apartment in which he resided. (*Lewis* v. *Hozz* (July 7, 1988) A034746 [nonpub. opn.].) In this second appeal, we must decide whether the unlawful detainer proceedings brought by the landlord were proper.

## FACTS

Plaintiff Abe Hozz was the owner of a Nob Hill apartment building located at 1001 California Street. In February 1981, defendant David Lewis became a tenant in apartment 7 of the building. Beginning in 1983, the

agreed rent was $2,950 per month. In October 1983, Lewis filed the first lawsuit seeking to compel Hozz to sell him apartment 7. In July 1988, this court affirmed the trial court's decision in favor of Hozz.

Meanwhile, in February 1986, Lewis stopped paying rent on apartment 7. In two successive unlawful detainer actions, Hozz recovered judgment for rents due from February through April and May through September 1986. The present action was brought by Hozz to recover amounts due from October 1, 1986, to the date of judgment (Aug. 13, 1987). The trial court awarded Hozz $30,778.29. Lewis appeals.[1]

## DISCUSSION

### I. Service of Three-day Notice

■ Lewis first argues the three-day notice to quit was not properly served. Testimony at trial established that on the afternoon of February 20, 1987, an employee of Hozz's attorney went to apartment 7, rang the bell and knocked on the door. When no one answered, the employee taped a copy of the notice to the door and slipped another copy under the door. He then posted another copy by mail addressed to Lewis at 1001 California Street. Lewis argued below that such efforts were inadequate, and that Hozz should have taken other steps to serve him elsewhere: namely, at his horse boarding ranch in Indio or his second residence in La Quinta. The trial court rejected that argument. We uphold the trial court's ruling.

Section 1162 of the Code of Civil Procedure[2] sets forth three alternative procedures for service of the three-day notice.[3] The procedure employed here was the so-called "post and mail" procedure authorized by subdivision 3.

Lewis first complains that the post-and-mail procedure should not have been used here because only one attempt was made to serve Lewis personal-

---

[1] Lewis's wife, Moira Lewis, filed a separate appeal which she subsequently dismissed in February 1989.

[2] All further statutory references are to this code unless otherwise specified.

[3] The statute provides: "The notices required by sections 1161 and 1161a may be served, either:

"1. By delivering a copy to the tenant personally; or,

"2. If he be absent from his place of residence, and from his usual place of business, by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his place of residence; or,

"3. If such place of residence and business cannot be ascertained, or a person of suitable age or discretion there cannot be found, then by affixing a copy in a conspicuous place on the property, and also delivering a copy to a person there residing, if such person can be found; and also sending a copy through the mail addressed to the tenant at the place where the property is situated. Service upon a subtenant may be made in the same manner."

ly and no effort was made to locate him at his second residence, even though Hozz and his lawyer were aware Lewis and his wife had separated. The complaint is without foundation. The courts have held that section 1162 does not require a showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions. (*Nourafchan* v. *Miner* (1985) 169 Cal.App.3d 746, 750 [215 Cal.Rptr. 450]; *Highland Plastics, Inc.* v. *Enders* (1980) 109 Cal.App.3d Supp. 1, 7 [167 Cal.Rptr. 353].)

Lewis next contends that the post-and-mail procedure applies only if a search is first conducted to ascertain the tenant's place of residence and business. In essence, Lewis construes the statutory phrase, "such place of residence and business cannot be *ascertained*" (§ 1162, subd. 3, italics added), as a prerequisite for service by post and mail, arguing that Hozz's failure to undertake efforts to ascertain his business address or his second residence invalidates the effected service.

Lewis misreads the statute. Section 1162 provides two possible situations in which the post-and-mail procedure is permitted: first, when the tenant's residence and business cannot be ascertained; or, secondly, when a person of suitable age or discretion cannot be found.[4] The latter situation refers back to subdivision 2: if the tenant is *absent* from his place of residence and from his place of business, then service may be effectuated by leaving the notice with some suitable person at either place. When no such person is available, then the post-and-mail procedure of subdivision 3 applies.

That is precisely what occurred herein. Lewis was absent from his residence at 1001 California Street.[5] Mr. Worthington, Hozz's attorney, acknowledged that he was aware (by virtue of an October 1986 debtor's examination) that Lewis had a partnership interest in the Indio ranch. But the witness further testified that he was led to believe by Lewis that his interest in the ranch was as an investor, not as an active manager. Mr. Worthington also stated his belief that Lewis had no place of business. Thus, defendant was absent from his residence *and* business by virtue of his absence from his home. Because no suitable person was present to receive the notice, subdivision 3 came into play. The post-and-mail form of service was proper.

*Highland Plastics, Inc.* v. *Enders, supra,* 109 Cal.App.3d Supp. 1, is closely analogous. There, a deputy marshal went to the property used by the

---

[4] Subdivision 3 applies "[i]f such place of residence and business cannot be ascertained, *or* a person of suitable age or discretion there cannot be found . . . ." (Italics added.)

[5] The statute refers to the tenant's "place of residence" in the singular. The subject property *was* Lewis's place of residence. Mr. Worthington knew the La Quinta condominium to be only a summer residence. There is no statutory requirement that efforts be undertaken to search for an absent tenant at his vacation home.

defendant as his business *and* residence. When no one responded to his knock, he posted the notice and mailed a copy to the property. The court held these efforts satisfied subdivision 3 of section 1162. "When defendant could not be found, one of the two ways of substituted service of the notice was proper and when a person of suitable age and discretion could not be found, the 'post and mail' method of service could be accomplished." (*Id.* at p. Supp. 7; see also *Nourafchan* v. *Miner, supra,* 169 Cal.App.3d at pp. 750-751 [post-and-mail method justified by apartment manager's reasonable belief the defendant was operating his business out of his home].)

II.-IV.*

. . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Holmdahl, J., and Stein, J., concurred.

---

*See footnote, *ante,* page 314.