Filed 8/19/13  (ordered published by Supreme Ct. 3/19/14)

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

## APPELLATE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>VIDAL A. PRECIADO et al.,<br><br>    Defendants and Appellants. | Appellate Division No. 1-12-AP-001360<br><br>(Super. Ct. No. 111CV215286) |
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ROLAND LUKE et al.,<br><br>    Defendants and Appellants. | Appellate Division No. 1-12-AP-001361<br><br>(Super. Ct. No. 111CV215288) |

**THE COURT**[*]

The appeal by appellants Vidal Preciado ("Preciado"), Roland Luke ("Luke"), and Kenneth Henderson ("Henderson") (collectively, "Appellants") from the unlawful detainer judgments entered on March 16, 2012, came on regularly for hearing and was heard and submitted on August 16, 2013.  We hereby hold as follows:

**Procedural History**

This is an appeal from two related unlawful detainer actions.  Respondent The Bank of New York Mellon ("Bank") is the owner of 1343 State Street, in Alviso, California.  On July 25, 2011, Bank acquired title to this property at a trustee's sale pursuant to foreclosure upon a deed of trust.  The property was previously owned by Preciado and occupied by Appellants.

---

[*] Before Lucas, P. J., Ryan J., and Alloggiamento, J.

1

On September 1, 2011, Bank served a written notice to Appellants to quit and deliver possession of the property within three days, 30 days, or 90 days (depending on their occupancy status). After waiting more than 90 days, Bank filed two unlawful detainer complaints against Appellants on December 19, 2011. The complaints incorrectly described the property as being located in San Jose instead of Alviso. Appellants filed individual answers to the complaints, and Henderson and Luke also filed individual prejudgment claims of right to possession.

Trial on the unlawful detainer actions was held on March 16, 2012, before the Honorable Socrates Manoukian.[1] That same day, a judgment was entered in each case which awarded Bank possession of the property, rent, and damages. However, when the sheriff sought to execute the writ, it was discovered that the property was incorrectly listed as being in San Jose. The sheriff was unable to execute the writ due to this error, and Bank moved for an ex parte order to amend the judgment. On April 13, 2012, the court entered an order amending the judgments to change the property address to Alviso.

At Appellants' request, the court stayed Appellants' eviction for 40 days, up to and including April 28, 2012. Appellants filed individual notices of appeal from the March 16, 2012 judgments.

**Appealability**

A final judgment in a limited civil case is appealable to the appellate division of the superior court. (Code Civ. Proc., § 904.2, subd. (a).) The trial court entered judgment in these limited civil cases on March 16, 2012. Accordingly, the judgments are appealable to the Appellate Division.

**Issues on Appeal**

On appeal, Appellants make the following arguments:

1)      The Appellate Division must conduct an independent review of the entire record pursuant to *People v. Wende*;

2)      "The Service Process was littered with gross procedural irregularities";

---

[1] On that same day, Preciado filed a wrongful foreclosure action against Bank and other defendants.

2

3)       Bank of America did not produce evidence sufficient to prove that the foreclosure sale was conducted in strict compliance with Civil Code section 2924 and that title was duly perfected; and

4)       Bank improperly filed two separate unlawful detainer actions for the same property.

**Standard of Review**

In an appeal from an unlawful detainer judgment, "[w]e review the trial court's findings of fact to determine whether they are supported by substantial evidence." (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425.) To the extent the trial court drew conclusions of law based upon its findings of fact, we review those conclusions of law de novo. (*Id.* at pp. 1425-1426.)

**People v. Wende is Inapplicable to Civil Appeals**

Appellants' first argument is that the Appellate Division must conduct an independent review of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. However, a *Wende* review only applies to criminal appeals. (See *In re Sade C.* (1996) 13 Cal.4th 952, 984.)

In civil appeals, the appellate courts are *not* required to perform an unassisted study of the record or review of the law relevant to a party's contentions on appeal. (*Air Couriers Internat. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 928; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) Instead, a party's failure to perform its duty to provide argument, citations to the record, and legal authority in support of a contention may be treated as a waiver of the issue. (*Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1301; *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284; *Guthrey*, *supra*, at pp. 1115-1116.) Thus, Appellants' request for an independent *Wende* review is improper.

**Service of Notices to Quit**

Appellants argue that they were not properly served with notices terminating their tenancy. As a prerequisite to filing an unlawful detainer action, a tenant must be served with either a 3, 30, or 90 days' notice, depending on the individual's status as a tenant. (Code Civ.

3

Proc., §§ 1161, 1161a, 1161b.) Code of Civil Procedure section 1162[2] provides three methods of serving these notices: (1) by personal delivery to the tenant (personal service); or (2) if the tenant is absent from his residence and usual place of business, by leaving a copy with a person of suitable age and discretion at either place, and sending a copy through the mail to the tenant's residence (substituted service); or (3) if a place of residence and usual place of business cannot be ascertained or a person of suitable age or discretion cannot be found there, then by affixing a copy in a conspicuous place on the property and delivering a copy to a person residing there, if such a person can be found, and also sending a copy through the mail addressed to the tenant at the place where the property is situated (post and mail service). A notice is valid and enforceable only if the lessor has strictly complied with these statutorily mandated requirements for service. (*Losornio v. Motta* (1998) 67 Cal.App.4th 110, 113-14; *Liebovich v. Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513.)

At trial, Henderson testified that he did not receive any notice to quit. (RT, p. 14:11-15.) In response, Bank's counsel explained that all the occupants were served with a notice to quit on September 1, 2011. Bank's counsel referred the court to Exhibit B of Bank's complaint which contained the proofs of service for the notices. (RT, p. 14:16-23.) In the proofs of service, registered process server Kris Vorsatz ("Vorsatz") declared that he served the notices on September 1, 2011. (CT-286, pp. 11-12; CT-288, pp. 11-12.) According to the proofs of service, "[a]fter due and diligent effort" Vorsatz posted a copy of the notices on 1343 State Street, San Jose, California. (*Id.*) Thereafter, Vorsatz mailed a copy of each notice to a post office box that was designated as Presiado's mailing address. (*Id.*) The court then entered judgment for Bank. (RT, p. 14:26-27.)

Where service is carried out by a registered process server, Evidence Code section 647 applies to eliminate the necessity of calling the process server as a witness at trial. (*Palm Property Investments, LLC v. Yadegar*, *supra*, 194 Cal.App.4th at p. 1427.) Under Evidence Code section 647, "[t]he return of a process server [ ] upon process or notice establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." As

---

[2] Hereafter, unless otherwise stated, all section references are to the Code of Civil Procedure.

Bank did not produce Vorsatz as a witness, the question is whether Vorsatz's proofs of service established Bank complied with the notice requirements of section 1162.

In *Highland Plastics, Inc. v. Enders* (1980) 109 Cal.App.3d Supp. 1, the court analyzed whether there was sufficient evidence that the landlord complied with the "post and mail" provision of section 1162.  The court noted that this code section does not require a showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions, as required in Code of Civil Procedure section 415.20, subdivision (b).  (*Id.* at p. 6.)  It does require, however, "that if the tenant cannot be located for personal service that the person making this substituted service first determine either that the tenant's '. . . place of residence and business cannot be ascertained, or that a person of suitable age or discretion there cannot be found. . . .' "  (*Id.*)  In *Highland Plastics*, the deputy marshal testified that when he attempted to serve the 30-day notice on defendant, no one answered his knock on the door of the premises which had been identified to him as the place of residence and business of defendant.  (*Id.* at pp. 6-7.)  When there was no response to the deputy's knock, he then posted the notice "in a conspicuous place on the property" and mailed a copy to the place where the property was situated.  (*Id.* at p. 7.)  Thus, the court concluded that there was substantial evidence supporting the trial court's finding that there had been a proper service of the notice utilizing the "post and mail" provisions as neither the defendant nor a person of suitable age and discretion could be found.  (*Id.*)

Similarly, in *Hozz v. Lewis* (1989) 215 Cal.App.3d 314, the court held that trial court properly found that the landlord's "post and mail" procedure of service of a three-day notice pursuant to section 1162 was adequate.  In that case, testimony at trial established that the landlord's agent went to the apartment, rang the bell and knocked on the door.  When no one answered, the employee taped a copy of the notice to the door and slipped another copy under the door.  He then posted another copy by mail addressed to the tenant.  (*Id.* at p. 316.)  Since no one was present when the process server went to the apartment, "post and mail" service was authorized under section 1162.  (*Id.* at p. 317.)

As explained above, no showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions is required under the statute. (See *Hozz v. Lewis*, *supra*, 215 Cal.App.3d at p. 317.) Nevertheless, "post and mail" service is not authorized as a first-resort method of service. Here, Vorsatz's declaration does not establish that Bank complied with section 1162 as it does show that personal service was *ever* attempted. The proofs of service do not state that Appellants were not home or that no one of a suitable age was home when the server posted the notice "in a conspicuous place."

In its opposition brief, Bank argues that Appellants may not challenge service of the notices as they did not include this as an affirmative defense in their answers. Bank is mistaken. An affirmative defense is an allegation of new matter in the answer that is not responsive to an essential allegation in the complaint. In other words, an affirmative defense is an allegation relied on by the defendant that is not put in issue by the plaintiff's complaint. (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 698; *State Farm Mut. Auto. Ins. Co. v. Superior Court* (1991) 228 Cal.App.3d 721, 725.) Where the answer alleges facts showing that some essential allegation of the complaint is not true, those facts are not "new matter," but only a traverse. (*Ibid*.) Because proper service of the termination notices was an essential element of Bank's unlawful detainer actions, Appellants' general denial of each statement of the complaint sufficiently put the service of the notices at issue and Appellants were not required to plead ineffective notice as an affirmative defense. (See *Bevill v. Zoura*, *supra*, 27 Cal.App.4th at p. 698.)

Accordingly, the judgment for possession must be reversed because Bank failed to establish proper service of the notices. (See *Liebovich v. Shahrokhkhany*, *supra*, 56 Cal.App.4th at p. 514.)

**Sale in Compliance with Civil Code § 2924 et seq. and the Deed of Trust**

"Historically a cause of action for unlawful detainer was available only to a landlord against his tenant." (*Gross v. Superior Court* (1985) 171 Cal.App.3d 265, 271.) The remedy has been expanded by statute to additional categories of plaintiffs (see Code Civ. Proc., § 1161) and defendants (see Code Civ. Proc., § 1161a). The purpose of section 1161a of the Code of

6

Civil Procedure was to make clear that one acquiring ownership through foreclosure could also evict by a summary procedure. (See *Gross v. Superior Court*, *supra*, 171 Cal.App.3d at p. 271.)

In an unlawful detainer action brought pursuant to Code of Civil Procedure section 1161a, subdivision (b)(3), the plaintiff must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title. (*Stephens v. Hollis* (1987) 196 Cal.App.3d 948, 952; *Evans v. Superior Court* (1977) 67 Cal.App.3d 162, 169.) "[W]here the plaintiff in the unlawful detainer action is the purchaser at a trustee's sale, he or she 'need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title.' " (*Old Nat'l Fin. Servs. v. Seibert* (1987) 194 Cal.App.3d 460, 465.) "The statute" with which a post-foreclosure plaintiff must prove compliance is Civil Code section 2924. (*Seidell v. Anglo-California Trust Co*. (1942) 55 Cal.App.2d 913, 920.) On appeal, Appellants asserted that Bank did not meet its affirmative burden in this regard.

At trial, Bank provided the Trustee's Deed Upon Sale, recorded August 8, 2011. (See RT, p. 5:1-11.) The Trustee's Deed Upon Sale purportedly showed that Bank purchased the property at the trustee's sale held on July 25, 2011. (See CT-286, pp. 6-8.) Luke then testified that he was at the auction, and that the property "went back to Bank of America." (See RT, p. 6:25-26.) Preciado testified that the loan was originally with Countrywide, and then Countrywide was "taken over by Bank of America." (See RT, p. 6:27-28.) The court responded, "Well, I don't know what Bank of America did or didn't do, but they have a deed here showing it's duly authenticated, the deed that Bank of New York Mellon owns the property here." (See RT, p. 7:16-19.) When Appellants pressed Bank to prove it owned the property, the court stated, "They have a deed showing that they own the property, and that's all they need to do." (See RT, p. 8:21-23.)

The trial court erred when it found that the Trustee's Deed Upon Sale was sufficient proof that Bank acquired the property at a regularly conducted sale and thereafter "duly perfected" its title. "[T]itle is duly perfected when all steps have been taken to make it perfect, i.e., to convey to the purchaser that which he has purchased, valid and good beyond all

7

reasonable doubt, which includes good record title, but is not limited to good record title, as between the parties to the transaction. The term 'duly' implies that all of those elements necessary to a valid sale exist, else there would not be a sale at all. (*Kessler v. Bridge* (1958) 161 Cal.App.2d Supp. 837, 841 [internal citations omitted].) Under a deed of trust, power of sale upon the trustor's default vests in the trustee. (*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122.) Therefore, in order to prove compliance with section 2924, the plaintiff must necessarily prove the sale was conducted by the trustee.

Here, the Trustee's Deed Upon Sale indicates the property was sold by Recontrust Company, N.A. acting as trustee. However, the Deed of Trust identifies Commonwealth Land Title Company as the trustee. (See CT-286, p. 121.) Bank did not provide any evidence establishing Recontrust's authority to conduct the trustee's sale. As Bank failed to provide any evidence that Recontrust was substituted for the original trustee, Bank was not entitled to judgment.

**Appellants' Remaining Arguments**

Given our decision to reverse the judgments, we need not reach Appellants' remaining arguments.

**Conclusion**

The judgments entered on March 16, 2012, are REVERSED and the trial court is instructed to entered judgments in favor of Appellants. Appellants are the prevailing party and are entitled to costs on appeal. (See Cal. Rules of Court, rule 8.891(a)(2).)

8

Trial Court:               Superior Court of the County of Santa Clara

Trial Judge:               Honorable Socrates Manoukian, J.


Iscandari & Associates and Alieu Iscandari for Defendants and Appellants.

Bryan Cave, Andrea Hicks; Miles Bauer Bergstrom & Winters and Christine Chung for Plaintiff and Respondent.