Filed 3/7/16  Far Garfield, LLC v. Nakodar, Inc. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FAR GARFIELD, LLC,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NAKODAR, INC., et al.,<br><br>Defendants and Appellants. | B261735<br><br>(Los Angeles County<br>Super. Ct. No. BC560307) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Gregory Alarcon, Judge.  Affirmed.

Law Offices of Amy Ghosh, Amy Ghosh for Defendants and Appellants.

Allen Matkins Leck Gamble Mallory & Natsis, Patrick E. Breen, George T. McDonnell, Melissa K. Zonne for Plaintiff and Respondent.

_____

Defendant Nakodar, Inc., defaulted on a loan secured by commercial real property. Plaintiff Far Garfield, LLC, purchased the property at the ensuing trustee's sale. After the trustee's deed upon sale was recorded, Far Garfield filed this unlawful detainer lawsuit against Nakodar and its officers Rajinder and Debra Jawa because they refused to vacate the premises. The trial court gave judgment to Far Garfield. We affirm.

## FACTS

In 2009, Nakodar executed a promissory note for $3 million (the Note). The lender was Habib American Bank. The Note required monthly payments of $24,157.80 until either the lender made a demand for immediate repayment or the debt was fully repaid in January 2014. The Note was secured by commercial property in the City of Commerce (the Property) under a deed of trust.

In March 2014, the bank sold the Note and trust deed to Rossrock LLC and notified defendants of the assignment. One month later, the trustee under the deed of trust recorded a notice of default, reciting a delinquency of over $2.7 million. A notice of trustee's sale was recorded on July 17, 2014.

At a trustee's sale in August 2014, Far Garfield made a successful bid of $3.375 million. A trustee's deed upon sale was recorded on August 19, 2014. On October 1, 2014, Far Garfield served a three-day Notice to Quit: a process server posted a Notice to Quit for each of the defendants in a conspicuous place on the Property and mailed copies to defendants as well.

The Jawas declared individual bankruptcy in June 2013. Habib American Bank was not a listed creditor, nor was the debt encompassed by the Note mentioned in the filing. The Jawas amended their bankruptcy petition in August 2014, days before the trustee's sale, claiming an interest in the Property.

The bankruptcy court granted Far Garfield's motion for relief from the automatic bankruptcy stay on September 30, 2014. The federal court order states that the Jawas "are not the borrowers on the subject loan" and authorizes Far Garfield to enforce its remedies to obtain possession of the Property, including an unlawful detainer action to evict the Jawas, without further order from the bankruptcy court.

2

After obtaining the bankruptcy court's approval, Far Garfield filed this unlawful detainer lawsuit on October 9, 2014. Two months later, it pursued summary judgment. Over defendants' opposition, the trial court gave judgment to Far Garfield, including the right to immediate possession of the Property. Defendants timely appeal the judgment.

## DISCUSSION

In an unlawful detainer proceeding, summary judgment may be sought at any time after the defendant answers, upon five days' notice. (Code Civ. Proc., § 1170.7.)[1] Summary judgment is granted if there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) A moving plaintiff must prove the elements of its cause of action and the lack of a defense to it; the burden then shifts to the defendants to show a triable issue of material fact or a defense. In making their case, defendants "may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(1).) On appeal, we independently examine the record to determine if triable issues of material fact exist. (*Hernandez v. Hillsides, Inc.* (2009) 47 Cal.4th 272, 285; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.)

Defendants cite no evidence in the "Statement of Facts" of their opening brief. Instead, they cite Far Garfield's Memorandum of Points and Authorities in support of summary judgment. An opponent's argument is not admissible evidence with which to defend against summary judgment. By relying exclusively on Far Garfield's points and authorities, defendants effectively concede that they lack contrary evidence.

Defendants state in their brief that a "request for continues [*sic*] [was] not warranted" while inconsistently complaining that the matter should have been continued to conduct discovery. Defendants did not seek a continuance to conduct discovery by filing affidavits showing that "facts essential to justify opposition may exist." (§§ 437c,

---

[1]     Unlabeled statutory references in this opinion are to the Code of Civil Procedure.

subd. (h), 1170.8; *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 215.)  Without a proper showing, the trial court had no duty to continue the case. (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 253-255.)

Persons may be removed from property sold under a power of sale contained in a trust deed, once title is perfected, after service of a three-day notice to quit.  (§ 1161a, subd. (b).)  The plaintiff must show that it acquired the property at a regularly conducted sale, and that title was perfected by the conveyance of a trustee's deed of sale.  (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255; *Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 953.)  "The property must be sold by public auction to the highest bidder (§ 2924h) to whom title is transferred by a trustee's deed.  Thereafter, upon recording of this deed, the purchaser is entitled to bring an unlawful detainer action against the trustor in order to get possession of the property."  (*Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 275, fn. omitted.)

Far Garfield carried its burden of establishing that it acquired the Property at a public auction after bidding $3.375 million.  The noticed trustee's sale took place after Nakodar defaulted on the Note, which on its face was supposed to have been fully repaid by January 2014.  Defendants admit that Nakodar "was not able to cure the default."  The sale is presumed to have been conducted fairly.  (*Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 32.)  Defendants make no claim that the sale was closed to the public, or that Far Garfield was not the highest bidder at the auction. The record shows that a trustee's deed of sale was recorded listing Far Garfield as the new owner, thereby perfecting the conveyance.[2]  Defendants presented no written objections to the admissibility of Far Garfield's evidence.  (Cal. Rules of Court, rules 3.1352, 3.1354.)

---

[2]     Defendants question the validity of the sale, arguing that "At trial, Appellants could have presented sufficient evidence that there was no valid delivery or transfer of title to the Property."  The time to disprove the transfer was in opposition to summary judgment, because a triable issue "'is not created by "speculation, conjecture, imagination or guess work."'"  (*Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 166.)

Defendants argue that Rossrock and Far Garfield are "a straw entity" because one individual is the manager of both entities. Defendants cite no legal authority for the proposition that one entity (Far Garfield) is barred from purchasing at a public sale property that is subject to a lien held by a different entity (Rossrock), even if both entities share a common manager. There is no evidence of wrongdoing.

Defendants claim that Far Garfield "failed to present any evidence that ownership rights to the Property were assigned" to it. Rossrock did not assign its interest to Far Garfield. Instead, Far Garfield proved, without contradiction, that it bid for the Property at public auction and title was transferred to it by way of a trustee's deed of sale.

Finally, defendants challenge the adequacy of service of the Notice to Quit. They write that Far Garfield "served on Appellants a three-day notice to quit with respect to the Property. The notice was not delivered personally to each and every tenant of the Property but was placed in a 'conspicuous' place on the Property despite regular presence of these tenants."

When a Notice to Quit is served on commercial tenants, it may be given to the tenant personally or, if no person can be found at the business, the notice may be affixed "in a conspicuous place on the property, and also by sending a copy through the mail addressed to the tenant at the address where the property is situated." (§ 1162, subd. (b)(3).) Service made by a registered process server creates a presumption that delivery of the three-day Notice to Quit met statutory requirements, without the need to call the process server as a witness. (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1427-1428.)

In this instance, the process server attested to a "due and diligent effort" to make service, posting a copy for each defendant in a conspicuous place and mailing copies to them. The process server did not have to wait for someone to arrive, or make repeated visits to the business. (*Hozz v. Lewis* (1989) 215 Cal.App.3d 314, 316-318.) Defendants concede that "section 1162 does not require a showing of reasonable diligence by the process server." Defendants did not produce evidence to overcome the presumption of proper service. There are no declarations from defendants attesting to their failure to

5

receive the Notice to Quit.  They cannot rely on their answer to the complaint to refute the presumption of proper service.  (§ 437c, subd. (p)(1).)

## **DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

6