Filed 8/30/24  T-A Fashion (USA) v. Megna T-Shirt Manufacturing Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| T-A FASHION (USA), LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MEGNA T-SHIRT MANUFACTURING COMPANY, INC.,<br><br>Defendant and Respondent. | B324838<br><br>(Los Angeles County Super. Ct. No. 22STCV09201) |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Douglas Stern and Georgina T. Rizk, Judges.  Affirmed.

Michael A. Abramson for Plaintiff and Appellant.

Law Offices of Ben Gharagozli and Behnam Gharagozli for Defendant and Respondent.

_____

T-A Fashion (USA), LLC (T-A Fashion) appeals from a trial court order awarding Megna T-Shirt Manufacturing Company, Inc. (Megna) attorney fees after a judgment was entered in Megna's favor.  We affirm the judgment and order.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, T-A Fashion began leasing a commercial property to Megna.  In December 2021, the Los Angeles Department of Building and Safety issued a Notice of Code Violation, citing unpermitted construction and electrical work on the property.  In January 2022, T-A Fashion served Megna a 10-day notice to perform conditions and covenants or quit.

In March 2022, T-A Fashion issued a 3-Day Notice to Pay Rent or Quit (three-day notice), asserting Megna failed to pay rent in February and March 2022.  Megna did not pay rent or vacate the premises.

### *Unlawful Detainer Action*

In March 2022, T-A Fashion filed an unlawful detainer action against Megna.  The complaint alleged Megna owed over $23,927.40 in past due rent.  Megna moved to quash service of summons on the ground that T-A Fashion failed to comply with various Code of Civil Procedure requirements regarding service and substitute service.[1]

_____

[1]     Megna cited T-A Fashion's noncompliance with Code of Civil Procedure sections 415.46, subdivision (c)(1) (server "shall make a reasonably diligent effort to ascertain whether there are other adult occupants of the premises who are not named in the summons and complaint"); 416.10, subdivisions (a) and (b) (summons and complaint may be served on a corporation's agent

2

Later that month, T-A Fashion filed an amended complaint asserting two causes of action: unlawful detainer for unpaid rent and failing to perform other conditions and covenants of the lease. In April 2022, Megna moved to quash service of the amended summons and complaint on the same grounds as the previous motion to quash. The trial court granted Megna's motion. Megna's counsel thereafter accepted service of the amended complaint.

In June 2022, Megna moved to strike the first amended complaint's demand for prejudgment interest and late fees. The trial court denied the motion to strike and set the matter for a two-day jury trial in August 2022. Megna filed an answer denying all allegations and asserting affirmative defenses, including several related to defects in the notice. One of these affirmative defenses was that "[t]he Notice does not comply with California Code of Civil Procedure § 1161(2)."

In August 2022, the parties submitted proposed statements of the case. Both parties identified the issue in dispute as whether the City of Los Angeles's temporary eviction moratorium, enacted due to the COVID-19 pandemic, applied to commercial tenancies. (See Los Angeles Mun. Code, § 49.99.) Megna argued a relevant regulation provided a "complete

---

for service of process or personally served on corporation's executives, general manager, or other person authorized to receive service); 416.10, subdivision (d) (allowing substituted service on a corporation per provisions of the Corporations Code); and 415.20, subdivisions (a) and (b) (allowing substituted service of summons and complaint on corporation by leaving a copy at an office, usual place of business, or usual mailing address, and mailing a copy by first-class mail).

defense" to the action because Megna was financially impacted by the COVID-19 pandemic.

A few days later, T-A Fashion moved for summary judgment or summary adjudication of its first cause of action to recover possession of the property due to Megna's nonpayment of rent. Megna opposed the motion on several grounds, including that triable issues existed regarding whether T-A Fashion properly served the three-day notice personally or by mail. The trial court denied the motion for summary judgment. At T-A Fashion's request, the court dismissed the operative complaint's second cause of action without prejudice.[2]

In September 2022, the trial court conducted a one-day bench trial. Megna did not present witnesses or submit evidence in its defense. After closing arguments, the trial court granted T-A Fashion's request to submit closing briefs. In its closing brief, Megna argued the three-day notice was "invalid on its face" because it did not comply with Code of Civil Procedure section 1161, subdivision (2), which required the notice to include the "telephone number . . . of the person to whom the rent

---

[2] T-A Fashion's summary judgment motion indicated it had already voluntarily dismissed the second cause of action and reasserted the claim in a different case. The appellate record does not include a formal request for dismissal. Instead, the trial court's August 24, 2022, minute order indicated that, at the hearing on the summary judgment motion, the court granted T-A Fashion's oral request to dismiss the second cause of action without prejudice.

payment shall be made . . . ."[3]  Megna asserted it was therefore entitled to judgment.

The trial court construed Megna's closing brief as a motion for judgment and granted it.  The court concluded Code of Civil Procedure section 1161, subdivision (2) required T-A Fashion's three-day notice to include the telephone number of the person to whom payment is to be made.  It further found that while Megna could have raised the issue earlier, including upon completion of T-A Fashion's presentation of evidence, "nothing mandated that action at that time.  The issue of the validity of the 3-Day Notice is inherent in every unlawful detainer action where a notice is required. It is part of the Plaintiff's case, not a defense."  The court entered judgment declaring T-A Fashion was to "take nothing on its Complaint in this action as Plaintiff failed to prove that its 3-Day Notice to Pay or Quit is a valid notice pursuant to Code of Civil Procedure § 1161(2)," and further declaring Megna to be the prevailing party.

***Motion for Attorney Fees***

Pursuant to an attorney fee provision in the lease, Megna filed a motion seeking $56,407.50 in fees.[4]  In opposition, T-A

---

[3]      The record on appeal does not include a reporter's transcript of the trial or closing arguments.  At oral argument in this appeal, Megna's counsel indicated Megna raised the Code of Civil Procedure section 1161, subdivision (2) defense during closing arguments, after which T-A Fashion requested, and the trial court ordered, supplemental briefing.  The record on appeal reflects only that the defense was the subject of the parties' closing briefs.

[4]      Section 31 of the lease provides: "If any Party or Broker brings an action or proceeding involving the Premises whether

5

Fashion argued the trial court should deny Megna's motion in its entirety or significantly reduce its requested fee amount. It contended Megna incurred most of its fees by engaging in a "manipulative campaign to delay eviction" by filing motions that would have been unnecessary had Megna raised its argument about the invalidity of the three-day notice earlier in the litigation.

By the time the motion was heard, a different judge was assigned to the trial court department where the case was pending. In November 2022, after a hearing, the trial court granted Megna's motion in part and awarded it attorney fees of $55,426.50. The trial court rejected T-A Fashion's argument that the court should deny most or all of the requested attorney fees because Megna could have raised the notice's failure to comply with Code of Civil Procedure section 1161, subdivision (2) by demurrer early in the case. The court found T-A Fashion had not provided supporting legal authority for the proposition; T-A Fashion's argument "cut[ ] both ways" because T-A Fashion also could have raised the defect earlier instead of pursuing a cause of action based on the defective notice; and, even if Megna had raised the defense earlier, it would have resulted in the dismissal of only one of the two causes of action. The court noted T-A

---

founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees. . . . The term, 'Prevailing Party' shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party or Broker of its claim or defense."

6

Fashion did not dismiss the second cause of action until shortly before trial.  T-A Fashion timely appealed.

## DISCUSSION

### I. The Trial Court Did Not Abuse Its Discretion In Awarding Megna Attorney Fees

#### A. Applicable legal principles

Megna sought attorney fees pursuant to a provision in the lease.  "If a cause of action is 'on a contract,' and the contract provides that the prevailing party shall recover attorneys' fees incurred to enforce the contract, then attorneys' fees must be awarded on the contract claim in accordance with Civil Code section 1717."  (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 706; *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 486 [unlawful detainer action based on an alleged breach of the lease is an action sounding in contract for purposes of Civ. Code, § 1717].)

Civil Code section 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  (Civ. Code, § 1717, subd. (a).)  " 'After the trial court has performed the calculations [of the lodestar], it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure.' "  (*PLCM Group, Inc. v. Drexler* (2000) 22

7

Cal.4th 1084, 1095–1096 (*PLCM*).) " '[A] trial court has discretion to reduce a prevailing party's contractual attorney fees to the extent they were unnecessary.' [Citation.]" (*Hill v. Affirmed Housing Group* (2014) 226 Cal.App.4th 1192, 1198–1199.)

### B. Standard of review

"On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.) " 'A request for an award of attorney fees is largely entrusted to the discretion of the trial court, whose ruling "will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence. [Citations.]" [Citation.] The trial court exercises a particularly "wide discretion" in determining who, if anyone, is the prevailing party for purposes of section 1717[, subdivision](a). [Citations.] To overturn that determination on appeal, the objecting party must demonstrate "a clear abuse of discretion." [Citation.]' " (*Intelligent Investments Corp. v. Gonzales* (2016) 1 Cal.App.5th Supp. 1, 3.) " ' "The trial court's decision will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice." ' " (*Stratton v. Beck* (2017) 9 Cal.App.5th 483, 496.) As with all orders and judgments, this fee order "is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 765–766.)

T-A Fashion contends we should not review the trial court's ruling under an abuse of discretion standard because the judge who ruled on Megna's motion for attorney fees did not preside

8

over the pretrial litigation and trial.  T-A Fashion relies on *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127 (*Akins*), to support its argument.  The reliance is misplaced.

In reviewing an attorney fee award, the *Akins* court recited the well-established and general proposition that "[t]he trial court is the best judge of the value of professional services rendered in its court, and while its judgment is subject to our review, we will not disturb that determination unless we are convinced that it is clearly wrong." (*Akins*, *supra*, 79 Cal.App.4th at p. 1134, citing *Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)  In affirming the attorney fee award, the court then cited as one of several factors that "the trial judge who presided over the determination of the various theories of recovery ruled on the motion for attorney fees." (*Akins*, at p. 1134.)  While the appellate court in *Akins* considered trial court continuity relevant in finding no abuse of discretion, nothing in the decision suggests that the abuse of discretion standard does *not* apply when the judge who presides over the merits proceeding differs from the judge who decides a subsequent attorney fee request.  "It is axiomatic that a case is not authority for an issue that was not considered." (*People v. Brooks* (2017) 3 Cal.5th 1, 110.)[5]

---

[5]   We acknowledge that in a case T-A Fashion did not cite, *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 616 (*Center for Biological Diversity*), the court suggested reviewing courts may exercise " ' "somewhat more latitude in determining whether there has been an abuse of discretion than would be true in the usual case" ' " when reviewing fee orders issued by a judge other than the trial judge.  However, the court was reviewing an award of *appellate* attorney fees.  No similar circumstances are present here.  In addition,

Further, the nature of an attorney fee determination indicates the abuse of discretion standard of review remains appropriate when the fee motion is heard by a judge who did not preside over the entire case. Although a judge in that situation will not have personally observed the prior litigation, the trial judge—unlike the Court of Appeal—will likely have general familiarity with the lawyers who frequently appear in that court, knowledge of local practices and billing rates, and an understanding of fair market rates for legal services provided by attorneys of like skill in the particular subject matter at issue. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132; *PLCM*, *supra*, 22 Cal.4th at pp. 1095–1096.) Moreover, the parties' arguments regarding attorney fees may turn in part on the credibility of counsel, including in explaining or justifying counsel's litigation choices and tactics. Such credibility determinations are firmly within the province of the trial court. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1323 [we do not reweigh trial court's assessment of attorney declarations; trial court is able to assess credibility].)

The abuse of discretion standard of review is well-established in this context and is routinely applied even when the judge deciding the attorney fee motion is new to the case. (See, e.g., *Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 546, 549–550 [a different trial court heard a motion for attorney fees after the judge who presided at trial retired; the court's decision to award attorney fees was not an abuse of discretion]; *Karton v. Ari Design & Construction, Inc.* (2021) 61

---

while the *Center for Biological Diversity* court may have suggested a less deferential approach, it still employed an abuse of discretion standard of review.

Cal.App.5th 734, 740, 743–750 [the newly assigned trial court judge who heard the attorney fee motion did not abuse its discretion by awarding attorney fees].) We do not depart from that standard here.

### C. The trial court did not abuse its discretion in finding Megna's conduct did not defeat or significantly reduce its claim to attorney fees

Relying on *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287 (*Drew*), T-A Fashion argues the trial court erred by failing to deny Megna's attorney fee motion or reduce the fee award. T-A Fashion contends Megna's litigation conduct, primarily its pursuit of other defenses and failure to raise the invalidity of the notice until after trial, constituted bad faith "dilatory tactics" or incompetence of counsel disentitling Megna to attorney fees. We find no error.

T-A Fashion derives from *Drew* the general principle that a trial court may reduce or deny a party's attorney fees if it pursued unsuccessful arguments in bad faith or with incompetence. However, the holding in *Drew* provides no support for T-A Fashion's contention that the trial court abused its discretion by failing to come to that conclusion here.

In *Drew*, a property owner moved for summary judgment in a validation action, challenging the validity of a city's special tax assessment district. (*Drew*, *supra*, 207 Cal.App.3d at p. 1292.) In his reply brief, the property owner argued for the first time that the legislation the city was relying on did not authorize an assessment for the city's planned purpose. (*Id*. at pp. 1294–1295.) The trial court granted summary judgment on this ground. (*Id*. at p. 1295.) But it denied the property owner's request for fees under the private attorney general fee provision,

Code of Civil Procedure section 1021.5. (*Id*. at pp. 1294–1295.)
In denying a subsequent motion for reconsideration, the trial
court explained that the property owner was not entitled to fees
because the court had granted his summary judgment motion
" 'upon a basis not presented by the original moving papers, not
raised prior to the initial hearing on the motion, and belatedly
raised on the eve of the continued hearing on the motion.' " (*Id*.
at p. 1295.)

The appellate court reversed. The court explained at
length that litigants may pursue alternative legal grounds for a
desired outcome and "[l]itigation often involves a succession of
attacks upon an opponent's case; indeed, the final ground of
resolution may only become clear after a series of unsuccessful
attacks." (*Drew*, *supra*, 207 Cal.App.3d at p. 1303.) The court
thus held, "Compensation is ordinarily warranted even for
unsuccessful forays. [Citations.] [¶] A litigant should not be
penalized for failure to find the winning line at the outset, unless
the unsuccessful forays address discrete unrelated claims, are
pursued in bad faith, or are pursued incompetently, [i.e.], are
such that a reasonably competent lawyer would not have pursued
them." (*Ibid*.) The court in *Drew* ultimately found none of those
exceptions applied in the case before it. The record showed
"nothing out of the ordinary" regarding counsel's pursuit of a
constitutional theory of liability instead of the belatedly raised
statutory theory that ultimately proved successful. (*Id*. at
pp. 1303, 1304.)

As in *Drew*, here, a review of the record reveals nothing out
of the ordinary regarding Megna's conduct below. Megna
appropriately responded to T-A Fashion's amended complaint
with a motion to quash based on procedural defects, a motion to

12

strike T-A Fashion's requests for relief, and an answer raising numerous affirmative defenses. (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 396 [in unlawful detainer actions, tenants can use motions to quash to challenge jurisdiction but must make use of demurrers, motions to strike, and answers if challenging merits].) It later opposed T-A Fashion's motion for summary judgment. Some of this motion practice, based on grounds other than the invalidity of the three-day notice, were not unsuccessful forays at all: Megna successfully moved to quash the operative complaint for improper service, and the trial court denied T-A Fashion's motion for summary judgment. As for Megna's motion to strike, which the trial court denied, the record does not demonstrate—and T-A Fashion makes no specific argument to support—that the motion merely reflected incompetence or a bad faith dilatory tactic.

There is also no basis for us to conclude the trial court abused its discretion in declining to find Megna's failure to raise the invalidity of the three-day notice earlier constituted bad faith or incompetence. T-A Fashion was required to plead it had properly served a valid notice as part of its case-in-chief. Megna had no obligation to raise any specific theory of defective notice at all. (Cf. *The Bank of New York Mellon v. Preciado* (2013) 224 Cal.App.4th Supp. 1, 8 [tenants were not required to plead ineffective notice as an affirmative defense because service of the termination notices was an essential element of the bank's unlawful detainer actions]; *Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 698 ["Because [landlord] was required to plead he had properly served a valid three-day notice and the facts constituting ineffective notice appeared on the face of the notice, [tenant] was not required to plead his theory of ineffective notice

13

as an affirmative defense"].)  T-A Fashion has identified no legal mandate for Megna to raise the Code of Civil Procedure section 1161, subdivision (2) defect at the earliest possible opportunity.

Nonetheless, T-A Fashion asserts Megna's litigation choices—including withdrawing its demand for a jury trial—could only indicate that it was deliberately holding back its argument regarding the defective notice as an act of bad faith. We disagree that this is the only permissible inference the trial court could draw.  Indeed, the trial court questioned T-A Fashion's assertion that the defective notice must have been immediately apparent to any reasonably competent lawyer by noting that T-A Fashion prosecuted the case through trial despite the fatal defect in the notice.  As the court noted in *Drew*, "[t]he process of litigation is often more a matter of flail than flair," (*Drew*, *supra*, 207 Cal.App.3d at p. 1303), and the trial court was not persuaded that the delayed argument regarding defective notice was a bad faith tactic or demonstration of incompetence. T-A Fashion has not established that the trial court's ruling was a manifest abuse of discretion requiring reversal.

### D.     TA Fashion has forfeited the argument that Megna was not the prevailing party

Finally, for the first time on appeal, T-A Fashion contends the trial court erred by finding Megna was the prevailing party. T-A Fashion asserts that in light of ongoing litigation between the parties, Megna's success below was merely an "interim" victory.  We conclude T-A Fashion forfeited this argument by failing to raise it below.

Under Civil Code section 1717, subdivision (b)(1), "the party prevailing on the contract shall be the party who recovered

14

a greater relief in the action on the contract."  "A trial court is given wide discretion in determining which party has prevailed on a contract.  We will not disturb such a determination on appeal absent a clear abuse of discretion."  (*Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 58.)  "However, when the judgment is a ' "simple, unqualified win" ' for one party on the only contract claims presented, the trial court has no discretion to deny an attorney fee award to that party under section 1717." (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 439; *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.)

T-A Fashion does not dispute that Megna received a favorable judgment on the sole claim decided in the action. Instead, T-A Fashion contends that this success was only an "interim, procedural" victory because litigation arising from the lease remains pending between the parties.  Relying on *City of West Hollywood v. Kihagi* (2017) 16 Cal.App.5th 739 (*Kihagi*), T-A Fashion argues there can be no prevailing party until all of the litigation is concluded.  (See *id.* at p. 753 [fees under Civ. Code, § 1717 are awarded to party "who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step"].)

However, even assuming a court may or must consider separate successive or concurrent lawsuits between the same parties when determining who is the prevailing party on a contract—a question we do not decide—T-A Fashion's failure to preserve the issue by raising it in the trial court is fatal to the argument on appeal.

"It is well established that appellate courts will ordinarily not consider errors that 'could have been, but [were] not raised below.'  [Citations.]  The rule applies to defenses as well as

theories of liability, and to a 'new theory for or against recovery' of attorney fees. [Citations.] 'The policy behind the rule is fairness.' [Citation.] 'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. [Citation.] Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier.' [Citation.]" (*Findleton v. Coyote Valley Band of Pomo Indians* (2018) 27 Cal.App.5th 565, 569.)

T-A Fashion contends its challenge presents a question of law based on undisputed facts that this court may address in the first instance. Not so. "To determine whether there is a prevailing party for purposes of section 1717, the court must compare the relative success of each party in achieving its litigation objectives, as shown in the parties' pleadings, trial briefs, and similar sources. [Citations.] This is necessarily a fact-driven inquiry that requires courts to consider the unique circumstances of each case. [Citation.] The court may also weigh equitable considerations when exercising its discretion." (*City of Los Angeles Dept. of Airports v. U.S. Specialty Ins. Co.* (2022) 79 Cal.App.5th 1039, 1043.)

Further, when determining whether a party has achieved only an "interim" victory, a trial court must make a number of factual determinations, such as the extent to which litigation is ongoing, and whether the claims at issue were in fact only temporarily resolved. (See *DisputeSuite.com, LLC v.*

*Scoreinc.com* (2017) 2 Cal.5th 968, 971 [trial court did not abuse its discretion in finding defendants were not prevailing parties where action was dismissed for being filed in wrong forum and was promptly refiled in the proper jurisdiction]; *Kihagi, supra*, 16 Cal.App.5th at p. 754 [judgment enforcing settlement was set aside and city promptly refiled the same claim; party setting aside judgment was not the prevailing party because she did not defeat city's claims, only forestalled them]; *Turner v. Schultz* (2009) 175 Cal.App.4th 974, 983, 984 [a defendant's successful opposition to a plaintiff's complaint for equitable relief from arbitration was not an "interim" victory because the defendant's fees were incurred during a "discrete legal proceeding" and were "independent of the outcome of the arbitration of the merits of the underlying dispute"].)

These questions are not pure questions of law; there is an aspect of the prevailing party determination that requires the exercise of trial court discretion; and it is not clear that the relevant facts are undisputed in this case. (*In re N.R.* (2017) 15 Cal.App.5th 590, 598 [where an argument "involves an issue of fact rather than a pure question of law," it is "forfeited by appellant's failure to raise it below"].)

Indeed, even if we were inclined to consider T-A Fashion's prevailing party argument for the first time on appeal, the record is entirely inadequate for us to do so. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [" ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed" ' "].) The record on appeal does not include any documents or details regarding other litigation pending between the parties. T-A Fashion represented to the trial court that the cause of action it dismissed from the first amended

17

complaint was included in a separate lawsuit and it provided the case number. However, no complaint from the other lawsuit is part of the record in this case. The record includes T-A Fashion's request that the two cases be deemed related, yet the trial court *denied* the request, concluding the cases were not related within the meaning of the court rules. On appeal, T-A Fashion has provided us with two case titles and case numbers but has not requested that we take judicial notice of the relevant court files or any documents from those cases. They are not part of the appellate record.

On appeal, a party's unsupported representation about relevant facts is inadequate. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 [failure to support point with accurate citations to record forfeits the point].) T-A Fashion has provided no authority, and we are aware of none, that would suggest the mere fact that two parties are engaged in multiple concurrent lawsuits provides a basis for this court to assume anything about the claims being litigated. Thus, even if it were appropriate for us to exercise our discretion to consider T-A Fashion's prevailing party argument in the first instance, we could only conclude that T-A Fashion has failed to provide an adequate record for meaningful review.

T-A Fashion has provided no basis for us to disturb the trial court's prevailing party determination.

## DISPOSITION

The trial court's judgment and order granting attorney fees are affirmed.  Respondent to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.